ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
NOAH M. SCHUBERT (S.B.N. 278696)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
nschubert@sjk.law

LAURENCE D. PASKOWITZ
THE PASKOWITZ LAW FIRM P.C.
208 East 51st Street, Suite 380
New York, NY 10022
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com
*pro hac vice pending*

Attorneys for Plaintiff John Pels
[additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN PELS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG DR. PEPPER, INC.,<br><br>Defendant. | Case No. 3:19-cv-03052-SI<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: October 18, 2019<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Susan Illston |

Plaintiff John Pels ("Plaintiff") hereby respectfully responds to Defendant's Request for Judicial Notice as follows:

### A.  Exhibit A May Be Judicially Noticed

Exhibit A to the Declaration of Charles C. Sipos ("Sipos Dec."), dated July 26, 2019, is a Peñafiel Mineral Spring Water label, which Plaintiff believes is typical of the labels attached to that product during the times he purchased. As this label is not subject to reasonable dispute, Plaintiff does not oppose judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### B.  Exhibit B May Be Judicially Noticed in Part

Exhibit B to the Sipos Dec. is an article published by *Consumer Reports,* placed on its website on or about June 28, 2019.[1] Plaintiff cited an earlier version of this article, dated April 18, 2019, in his Amended Class Action Complaint ("Complaint" or "Cplt."). *See* Cplt. ¶ 23.

 The *Consumer Reports* article may be noticed for the purpose of acknowledging that certain matters were duly reported,[2] such as that *Consumer Reports* and prior regulatory testing showed Peñafiel arsenic levels to be well in excess of federal limits, that this situation has existed for many years, that Keurig conceded its own testing showed violative arsenic levels, and that the Center for Environmental Health likewise found Peñafiel to be unlawfully marketed. *See* Jonckheer Decl., Ex. C, pp. 1-5, 7-8, 18.

Keurig, however, improperly attempts to use the article to dispute facts stated in the Complaint, to promote falsehoods, and to conceal its own admissions. For example, in recounting the facts of this case, Keurig told *Consumer Reports* (and *Consumer Reports* reported) that Keurig's own "recent" testing showed arsenic levels that were "slightly" elevated. Def's Br. at 3. This is not what the article reports. Instead, it reveals that Keurig's testing **"confirmed levels above the federal limit, an average of 17 ppb [parts per billion]."**[3] (emphasis added). Keurig then argues that—even though its results and the *Consumer Reports* results came to the same exact conclusion regarding

---

[1] Plaintiff resubmitted the article with numbered pages to enable easier citation. *See* Jonckheer Decl., Ex. C.
[2]  *Brodsky v. Yahoo! Inc.,* 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009)
[3] The federal limit is 10 ppb.

arsenic levels—that *Consumer Reports* could not have used an accurate methodology (nor could Plaintiff have reasonably relied on its findings). *See* Def's Br. at 8, 18.

Keurig cannot use the judicial notice doctrine to submit a document for the purpose of arguing with that document, disputing its conclusions, or misrepresenting it. *See Khoja*, 899 F.3d at 998-99 (barring the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint"). Whatever quarrels Keurig may have with *Consumer Reports* are for another day. *See Smith v. Flagstar Bank, FSB*, No. C 18-05131 WHA, 2019 U.S. Dist. LEXIS 24457, at *7-8 (N.D. Cal. Feb. 14, 2019) (document will only be noticed if the matters proponent cited are "beyond reasonable dispute").

### C. Exhibit C May Be Judicially Noticed in Part

Ex. C to the Sipos Dec. is Keurig's own June 21, 2019 press release entitled, "Keurig Dr Pepper Announces Voluntary Withdrawal of Unflavored Peñafiel Mineral Spring Water that Does Not Meet FDA Bottled Water Quality Standards."

This exhibit may be judicially noticed to the extent it contains *factual* admissions by Keurig. *See, e.g.*, *Hernandez v. Wells Fargo & Co.*, No. C 18-07354 WHA, 2019 U.S. Dist. LEXIS 114817, at *15 (N.D. Cal. July 10, 2019) ("party admissions" contained within a document authored by a defendant may be noticed); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (taking judicial notice of admissions on a website associated with a witness). *See also Libertad v. Welch*, 53 F.3d 428, 443 n.12 (1st Cir. 1995) ("The press release is not hearsay, but admissible evidence as an admission of a party-opponent under Fed. R. Evid. 801(d)(2)(A).").

Ex. C contains several factual admissions, including: (1) that unflavored Peñafiel Mineral Spring Water does not meet FDA bottled water quality standards; (2) that a recall was announced due to the "presence of violative levels of arsenic"; (3) that a full refund was offered only to those consumers that had bottles in their possession; and (4) that the high arsenic levels were verified by Keurig through independent lab testing.

The press release also has several unascertainable statements of fact that are not appropriate for judicial notice. These are: (1) that Keurig's aquifer levels of arsenic vary over time; (2) that

Keurig installed enhanced filtration systems; and (3) that the product is now being produced well within regulatory guidelines.

The press release also contains an *opinion* that is not proper for judicial notice—i.e., that arsenic is only associated with chronic diseases at levels "well above those detected." Plaintiff will, in the course of this litigation, vigorously dispute this opinion. Thus, this portion of Ex. C should be not be taken as true, as judicial notice is limited to facts. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018).

## CONCLUSION

For the reasons stated above, defendant's Request for Judicial Notice should be granted in part and denied in part.

DATED: September 9, 2019                                    SCHUBERT JONCKHEER & KOLBE LLP

By: /s/ *Robert C. Schubert*
        Robert C. Schubert

ROBERT C. SCHUBERT (S.B.N. 62684)
WILLEM F. JONCKHEER (S.B.N. 178748)
NOAH M. SCHUBERT (S.B.N. 278696)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
nschubert@sjk.law

LAURENCE D. PASKOWITZ
THE PASKOWITZ LAW FIRM P.C.
208 East 51st Street, Suite 380
New York, NY 10022
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com
*pro hac vice pending*

ROY L. JACOBS
ROY JACOBS & ASSOCIATES
420 Lexington Avenue, Suite 2440
New York, NY 10170
Telephone: (212) 867-1156
rjacobs@jacobsclasslaw.com
*pro hac vice to be filed*

DAVID N. LAKE (S.B.N. No. 180775)
LAW OFFICES OF DAVID N. LAKE,
A Professional Corporation
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
david@lakelawpc.com