1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Jasmine W. Wetherell, Bar No. 288835
   JWetherell@perkinscoie.com
3  PERKINS COIE LLP
   505 Howard Street, Suite 1000
4  San Francisco, CA  94105-3204
   Telephone:  415.344.7000
5  Facsimile:  415.344.7050

6  Charles C. Sipos, *pro hac vice*
   CSipos@perkinscoie.com
7  Lauren E. Staniar, *pro hac vice*
   LStaniar@perkinscoie.com
8  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
9  Seattle, WA  98101-3099
   Telephone:  206.359.8000
10 Facsimile:  206.359.9000

11 Attorneys for Defendant
   Keurig Dr Pepper, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                        SAN FRANCISCO DIVISION

16

17 | JOHN PELS, on behalf of himself and all others similarly situated, | Case No. 3:19-cv-03052-SI |
|---|---|
18 | | **DEFENDANT KEURIG DR PEPPER, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |
19 | Plaintiff, | |
20 | v. | |
21 | KEURIG DR PEPPER, INC., | |
22 | Defendant. | [Fed. R. Evid. 201] |
23 | | Date:        October 17, 2019
   | | Time:        10:00 a.m.
   | | Courtroom:   Courtroom 1, 17th Floor
   | | Judge:       Hon. Susan Illston |

24

25

26

27

28

Exhibit B to the Declaration of Charles C. Sipos is the Consumer Reports article on which Plaintiff's Complaint relies, and that Plaintiff submits with his own request for judicial notice. Exhibit C to the Sipos Declaration is a press release in which Keurig Dr Pepper ("KDP") announced the Peñafiel Water voluntary withdrawal. Plaintiff excerpts portions of these documents in his Amended Complaint and relies on them heavily. *See* Am. Compl. ¶¶ 23, 25 (excerpting large portions of both documents). They are therefore judicially noticeable under the incorporation by reference doctrine. *United States v. Richie*, 342 F.3d 903, 907 (9th Cir. 2003). Plaintiff's arguments to the contrary misunderstand the facts and the law.

Plaintiff argues in his Opposition to Defendant's Request for Judicial Notice that certain statements in the press release (Exhibit C) are not judicially noticeable. RJN Opp. at 2–3 (arguing that statements in release about the nature of arsenic not judicially noticeable). That is wrong. The incorporation by reference doctrine, on which KDP relied in its request for judicial notice, RJN at 3, "prevents plaintiffs from selecting only portions of documents that support their claims while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In other words, Plaintiff can't cherry-pick facts from a document on which he relies to make his case. *Id.* That is particularly true where, as here, Plaintiff pleads the precise facts he asks the Court to ignore. *See* Am. Compl. ¶ 18 (alleging that arsenic is a naturally occurring element); *id.* ¶ 25 (excerpt from KDP press release stating that arsenic is harmful only at very high levels).

Plaintiff's challenge to portions of the Consumer Reports article (Exhibit B) is similarly unavailing. For one, Plaintiff asks the Court to take judicial notice of this same article, so it is unclear what he objects to. *See* ECF No. 37. Once the document is judicially noticed, KDP is entitled to cite parts of it that undermine Plaintiff's complaint, such as the undisputed fact that Consumer Reports does not specify the testing method it used. *See* Sipos Decl. Ex. C; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice.").

KDP's Request for Judicial Notice should be granted in full.

DATED: October 4, 2019          **PERKINS COIE LLP**

By: */s/ Charles Sipos*
Charles Sipos, *pro hac vice*
CSipos@perkinscoie.com
Lauren Watts Staniar, *pro hac vice*
LStaniar@perkinscoie.com
Jasmine W. Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com

*Attorneys for Defendant*
*Keurig Dr Pepper, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 4, 2019, I caused to be filed via the CM/ECF system true and correct copies of the forgoing document and that the service of this document was accompanied on all parties in the case by CM/ECF system.

*/s/Charles C. Sipos*
Charles C. Sipos, *pro hac vice*
CSipos@perkinscoie.com