David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Jasmine Wei-Ming Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Charles C. Sipos, *pro hac vice*
CSipos@perkinscoie.com
Lauren W. Staniar, *pro hac vice*
LStaniar@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant
Keurig Dr Pepper, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN PELS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG DR PEPPER, INC.,<br><br>Defendant. | Case No. 3:19-cv-03052-SI<br><br>**DEFENDANT KEURIG DR PEPPER'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendant Keurig Dr Pepper ("KDP") submits this Answer in response to the Second Amended Class Action Complaint ("SAC") filed by Plaintiff John Pels. KDP responds to the SAC based on the current information available to it. KDP reserves the right to amend this Answer based on information made available through the course of discovery or through other investigation. KDP denies, except where expressly admitted, each allegation in the SAC. KDP includes the headings used in the SAC for convenience and ease of reference only and denies any allegations, assertions, or inferences contained therein.

**NATURE OF THE ACTION**

1.      KDP admits that this action was filed as a putative consumer class action against KDP. KDP admits that its subsidiaries bottle and distribute bottled water and flavored beverages. Except as expressly admitted, KDP denies the remaining allegations in paragraph 1.

2.      KDP admits that the Peñafiel brand consists of approximately 14 different Peñafiel varieties, including Peñafiel Mineral Spring Water ("Peñafiel Water"). KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 2 and on that basis denies them.

3.      KDP denies that the Peñafiel Water has been contaminated by excessive levels of arsenic for many years. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 3 and on that basis denies them.

4.      KDP admits that the FDA Import Alert 29-02 entitled "Detention Without Physical Examination of Bottled Water due to Arsenic \*\*\*and Flavored Water Beverages\*\*\* Due to Inorganic Arsenic" listed "grupo penafiel" among the producers. KDP admits that the products listed were "Carbonated Water" (03/04/2015) and "Mineral Water, Carbonated Water" (04/04/2018). KDP denies that it disregarded any bans imposed by state or federal regulators. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 4 and on that basis denies them.

5.      KDP admits that it voluntarily withdrew the Peñafiel Water on June 21, 2019. KDP admits that its press release announcing the voluntary withdrawal stated: "due to the presence of

violative levels of arsenic," and "Water quality tests of Peñafiel samples conducted by an independent laboratory on behalf of Keurig Dr Pepper detected arsenic at levels that exceeded the FDA's bottled water standards for mineral water of 10 ppb." Except as expressly admitted, KDP denies the remaining allegations in paragraph 5.

6. KDP admits that Consumer Reports published an article in 2019 that reported Peñafiel Water contained arsenic above the legal limit for bottled water. KDP denies the remaining allegations in paragraph 6.

7. KDP admits that KDP subsidiaries market more than 50 beverage brands throughout North America, including the Peñafiel Water. KDP denies the remaining allegations in paragraph 7.

8. KDP admits that in the SAC Plaintiff seeks restitutionary relief under California's Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act, as well as actual and punitive damages under the CLRA. KDP admits that Plaintiff provided KDP notice of a damages claim under CLRA more than 30 days prior to this pleading. KDP admits that Plaintiff also asserts a claim for unjust enrichment. Except as expressly admitted, KDP denies the remaining allegations in paragraph 8, and in particular denies that Plaintiff or any member of the class have been injured.

**JURISDICTION AND VENUE**

9. KDP admits that, based on the facts as presently alleged, this Court has subject jurisdiction over this action.

10. KDP admits that venue is proper in this district.

11. KDP admits that this Court has in personam jurisdiction over Defendant for purposes of this action.

12. KDP admits that assignment to the San Francisco Division of the Northern District of California is proper.

**PARTIES**

13. KDP lacks sufficient information to admit or deny the allegations in paragraph 13 and on that basis deny them.

-2-

14. KDP admits that Keurig and/or its subsidiaries bottle and distribute bottled water and flavored beverages, including Peñafiel Mineral Spring Water, a brand owned by one of its subsidiaries. KDP otherwise admits the allegations in paragraph 14.

## FACTUAL ALLEGATIONS

15. KDP lacks sufficient information to admit or deny the allegations in paragraph 15 and on that basis denies them.

16. KDP lacks sufficient information to admit or deny the allegations in paragraph 16 and on that basis denies them.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 17.

18. KDP denies that it acted irresponsibly. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 18 and on that basis denies them.

19. KDP denies that the Peñafiel Mineral Spring water was "contaminated" with arsenic. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 19 and on that basis denies them.

20. KDP denies that the Peñafiel Water that is the subject of this action poses any health risk. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 20 and on that basis denies them.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 21.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 23.

24. KDP lacks sufficient information to admit or deny the allegations in paragraph 24 and on that basis denies them.

25. KDP lacks sufficient information to admit or deny the allegations in paragraph 25 and on that basis denies them.

26. KDP admits that the FDA Import Alert 29-02 entitled "Detention Without Physical Examination of Bottled Water due to Arsenic ***and Flavored Water Beverages*** Due to Inorganic Arsenic" lists "grupo penafiel" among the producers. KDP admits that the products listed were "Carbonated Water" (03/04/2015) and "Mineral Water, Carbonated Water" (04/04/2018). KDP denies the remaining allegations in paragraph 26.

27. KDP admits that the quoted paragraphs appear in a Consumer Reports article published on April 18, 2019, although not sequentially and without the bolded text. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 27 and on that basis denies them.

28. KDP admits that the quoted text appears in a press release KDP issued on June 21, 2019. Except as expressly admitted, KDP denies the remaining allegations in paragraph 28.

29. KDP admit that the withdrawal notice says that "[c]onsumers who have this product in their possession can return it to their retailer for a full refund." Except as expressly admitted, KDP denies the remaining allegations in paragraph 29.

30. KDP admits that it voluntarily withdrew the Peñafiel Water from the market on June 21, 2019, after Plaintiff filed the initial Complaint in this case. KDP lacks sufficient information to admit or deny the remaining allegations in paragraph 30 and on that basis denies them.

31. KDP admits that the June 21 Press Release referred to in paragraph 28 above reported that KDP's testing of Peñafiel Water detected levels that exceeded 10 ppb. Except as expressly admitted, KDP denies the remaining allegations in paragraph 31.

32. KDP lacks sufficient information to admit or deny the allegations in paragraph 32 and on that basis denies them.

**CLASS ACTION ALLEGATIONS**

33. KDP admits that Plaintiff purports to bring this action as a class action. KDP denies the remaining allegations in paragraph 33 and specifically denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

34. KDP admits that Plaintiff purports to bring this action as a class action. KDP denies the remaining allegations in paragraph 34 and specifically denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

35. KDP admits that Plaintiff purports to bring this action as a class action. KDP denies the remaining allegations in paragraph 35 and specifically denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, KDP denies that Plaintiff can satisfy the requirements of Rule 23.

**FIRST CLAIM FOR RELIEF**

**(Violation of California's Consumers Legal Remedies Act ("CLRA")**

**Cal. Civ. Code §§ 1750, *et seq*.-- California Sub-Class)**

43. In answering paragraph 43, KDP incorporates by reference its responses to paragraphs 1–42 above. Except as specifically admitted, KDP denies the remaining allegations in paragraph 43.

44. KDP admits that Plaintiff provided notice of a CLRA damages claim more than 30 days prior to filing the SAC. Except as expressly admitted, KDP denies the remaining allegations in paragraph 44.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 50.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 52.

53. Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 53.

54. KDP lacks sufficient information to admit or deny the allegations in paragraph 54 and on that basis denies them.

55. KDP admits that it was served with notice of its alleged CLRA violations on June 21, 2019. Except as expressly admitted, KDP denies the remaining allegations in paragraph 55.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 56 and in particular denies that Plaintiff is entitled to any relief.

## SECOND CLAIM FOR RELIEF

**(Violation of California's Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200, *et seq*. - Unlawful Prong—**

**Regulatory Violations--California Sub-Class)**

57. In answering paragraph 57, KDP incorporates by reference its responses to paragraphs 1–56 above. Except as specifically admitted, KDP denies the remaining allegations in paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 58.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 65 and in particular denies that Plaintiff is entitled to any relief.

## THIRD CLAIM FOR RELIEF

**(Violation of California's Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200, *et seq*. - Unfair Prong--California Sub-Class)**

66. In answering paragraph 66, KDP incorporates by reference its responses to paragraphs 1–65 above. Except as specifically admitted, KDP denies the remaining allegations in paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 72.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 73.

74. KDP lacks sufficient information to admit or deny the allegations in paragraph 74 and on that basis denies them.

75. Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 75 and in particular denies that Plaintiff is entitled to any relief.

### FOURTH CLAIM FOR RELIEF

**(Violation of California's Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200, *et seq*. - Fraudulent Prong--California Sub-Class)**

76. In answering paragraph 76, KDP incorporates by reference its responses to paragraphs 1–75 above. Except as specifically admitted, KDP denies the remaining allegations in paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 79.

80. KDP lacks sufficient information to admit or deny the allegations in paragraph 80 and on that basis denies them.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 81 and in particular denies that Plaintiff is entitled to any relief.

## FIFTH CLAIM FOR RELIEF

**(Violation of California's False Advertising Law ("FAL")**

**Cal. Bus. & Prof. Code §§ 17500, *et seq*.--California Sub-Class)**

82. In answering paragraph 82, KDP incorporates by reference its responses to paragraphs 1–81 above. Except as specifically admitted, KDP denies the remaining allegations in paragraph 82.

83. KDP admits that Plaintiff purports to bring this action as a class action and that he purports to bring this claim on behalf of the putative California class. KDP denies the remaining allegations in paragraph 83.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 86.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 87.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 88.

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 89.

90. Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 91 and in particular denies that Plaintiff was injured or is entitled to any relief.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment – Nationwide Class)

92. In answering paragraph 92, KDP incorporates by reference its responses to paragraphs 1–91 above. Except as specifically admitted, KDP denies the remaining allegations in paragraph 92.

93. Paragraph 93 state a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 93.

94. Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 94.

95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 95.

96. Paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 96.

97. Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, KDP denies the allegations in paragraph 97 and in particular denies that Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

KDP denies that Plaintiff is entitled to a trial by jury.

**PRAYER FOR RELIEF**

KDP denies that Plaintiff is entitled to any substantive, procedural, punitive, statutory, or injunctive remedy or relief, including the relief referenced in Plaintiff's "Prayer for Relief" section of the SAC, or any other relief whatsoever. KDP further denies that Plaintiff or any putative class member has suffered or incurred any injury or damage, either as alleged in the SAC or at all. Finally, KDP denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

**DEFENSES AND AFFIRMATIVE DEFENSES**

KDP further responds to the SAC by alleging the following defenses and affirmative defenses without assuming the burden of proof where such a burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law.

1. KDP denies all allegations not expressly admitted and reserves any and all defenses it may have against Plaintiff and the putative class. It is not necessary at this time for KDP to articulate defenses against the putative class because no class has been certified, and no putative class members are parties to this suit.

2. The SAC fails to state a claim upon which relief may be granted.

3. Plaintiff's claims and the putative class members' claims are barred because Plaintiff and the putative class members lack Article III standing to pursue the claims asserted.

4. Plaintiff's claims and the putative class members' claims are barred because Plaintiff and the putative class members lack statutory standing under the UCL, FAL, and CLRA to pursue the claims asserted.

5. Plaintiff's claims are barred because Plaintiff and the putative class members, at all times, knew or were aware of the benefits, characteristics, and uses of the Peñafiel Water they purchased, and therefore could not have reasonably or justifiably relied upon the alleged misrepresentations or omissions asserted in the SAC.

6. KDP is in full compliance with all applicable state and federal statutes, regulations, or other laws in effect at the time of its alleged conduct, and therefore is not liable for any wrongs alleged in the SAC.

7. The labels referenced in the SAC are not, and were not, deceptive, false, misleading, fraudulent, unlawful, or unfair, nor were they intended to mislead or deceive any customer.

8. Plaintiff's claims are barred because no "reasonable consumer" would be misled by the labeling of the Peñafiel Water or any alleged omissions on that labeling.

9. Plaintiff and the putative class members are barred from making the claims for relief set forth in the SAC because they have enjoyed the full benefit of the Peñafiel Water they purchased.

10. Neither Plaintiff nor any of the putative class members have sustained or suffered any injury or damage as a result of any actions allegedly taken by KDP and are thus barred from asserting any claims against KDP.

11. Plaintiff's claims are barred by federal preemption.

12. Plaintiff's damages are purely speculative, remote, and impossible to ascertain, quantify, or allocate, and are thus barred from asserting any claims against KDP.

13. Neither Plaintiff nor any putative class member is entitled to any injunctive or equitable relief because adequate legal remedies are available at law, and because Plaintiff has not demonstrated that he or other putative class members have suffered or will suffer future harm or injury.

14. Plaintiff and the putative class members cannot pursue this lawsuit as a class action because the putative Plaintiff's class representatives' claims are not sufficiently typical of those of the putative class members, common issues of fact and law do not predominate over individual issues, and damages cannot be proven on a class-wide basis. As such, the putative Plaintiff class representatives cannot and will not adequately represent the putative class members and a class action is not a superior method for adjudicating the claims set forth in the SAC.

15. Plaintiff's claims are bared, in whole or part, by the doctrines of laches, estoppel, and waiver.

16. Plaintiff has failed to mitigate his alleged damages.

17. KDP reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action. KDP will rely on all defenses that may become available during discovery or trial.

**PRAYER FOR RELIEF**

WHEREFORE, KDP prays for the following relief:

A. Dismissal of all Plaintiff's claims with prejudice;

B. Denial of class certification;

C. Award of costs of suit, including reasonable attorneys' fees, to KDP; and

D. Such other relief as the Court may deem just and proper.

DATED: December 19, 2019             **PERKINS COIE LLP**

By: */s/ Lauren Watts Staniar*
David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Jasmine W. Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
Charles C. Sipos, Bar No. 32825
CSipos@perkinscoie.com
Lauren W. Staniar, Bar No. 48741
LStaniar@perkinscoie.com

Attorneys for Defendant
Keurig Dr Pepper, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 19, 2019, I caused to be filed via the CM/ECF system true and correct copies of the forgoing document and that the service of this document was accompanied on all parties in the case by CM/ECF system.

*/s/ Lauren Watts Staniar*
Lauren W. Staniar, *pro hac vice*
LStaniar@perkinscoie.com

-14-

ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT
3:19-CV-03052-SI